# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM JOHN GEARY,<br><br>  Plaintiff,<br><br>  v.<br><br>PAREXEL INTERNATIONAL CORPORATION,<br><br>  Defendant. | Case No. 5:19-cv-07322 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 140 |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Defs.' Not. of Mot. and Mot. to Dismiss Plf.'s Second Am. Compl. ("Mot."), ECF No. 140. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the motion is **GRANTED with leave to amend**.

**I.  BACKGROUND**

Plaintiff John Geary III ("Geary") appearing pro se filed his Second Amended Complaint ("SAC") on May 20, 2022, alleging a sole remaining claim for relief against all defendants for retaliation in violation of Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank" or the "Act"), 15 U.S.C. § 78U-6. *See generally* SAC, ECF No. 139. The Court granted Defendant Parexel International Corporation's ("Parexel") motion to dismiss the original complaint with limited leave to amend only the Dodd-Frank claim and dismissed with prejudice Geary's Sarbanes-Oxley claim, both wrongful termination claims in violation of California Labor Code § 1102.5 and common law wrongful termination in violation of public policy, and dismissed the Dodd-Frank claim as to the individual defendants. *See* Order Granting Mot. to Dismiss with Leave to Am. ("Order"), ECF No. 133.

The SAC alleges that Geary was employed by Parexel, a clinical research service company, as a Senior Project Manager in 2014 and worked from his home in San Jose. SAC ¶¶ 6, 10–11. According to Geary, in this role he calculated and reported accrual of recognized revenue and attested to its accuracy. *Id.* ¶ 9. He alleges that on April 8, 2015, during his employment, he reported wire fraud and investor fraud claims to "the corporate hierarchy," and in May 2015, he reported his observations to the U.S. Securities and Exchange Commission ("SEC"). *Id.* ¶¶ 1, 20, 38. Geary's employment with Parexel was terminated on June 30, 2015. *Id.* ¶¶ 2, 38. He alleges that he was terminated "after months of personal abuse" because he "refused to be complicit in the wrongdoing." *Id.* ¶¶ 2, 22. He alleges that the company attempted to prevent him from whistleblowing. *Id.* ¶¶ 2, 38. He further alleges that his protected activity was the contributing factor and/or the reason for his termination. *Id.* ¶ 48. As a result, he claims that he has suffered harm in the form of loss of wages, lost benefits, and additional monies he would have received if he had not been subjected to said treatment, in addition to suffering humiliation, mental anguish, and emotional and physical distress. *Id.* ¶ 49.

Defendant Parexel moved for dismissal under 12(b)(6) of Geary's remaining Dodd-Frank claim for failure to allege facts upon which relief may be granted. *See* Mot. Three weeks later, on June 24, 2022, Parexel filed notice of Plaintiff's non-opposition to the motion to dismiss. ECF No. 141. However, on July 13, 2022, Geary filed an administrative motion to retroactively extend the deadline for filing his response brief due to his chronic critical illness and recent surgery. ECF No. 142. Finding good cause, the Court granted Geary's request and accepted his brief in opposition. *See* ECF No. 142-1. Parexel filed a brief in reply. Reply ISO Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. ("Reply"), ECF No. 144.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6)

is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

**III.   DISCUSSION**

    **A.   Dodd-Frank Claim**

Parexel moves to dismiss the SAC on the grounds that Geary's sole claim for retaliation in violation of Dodd-Frank insufficiently alleges that he qualifies as a "whistleblower" under the Act.

The Dodd-Frank Act authorizes a private right of action for violations of the Sarbanes-Oxley Act, providing retaliation protection to employees who report violations of the securities laws to the SEC. *Banko v. Apple Inc.*, 20 F. Supp. 3d 749, 755 (N.D. Cal. 2013); *see* 15 U.S.C.

78u–6(h)(1). Dodd-Frank's anti-retaliation provision forbids an "employer" from retaliating against a whistleblower for:

> providing information to the Commission" or "initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information" and also for "making disclosures that are required or protected under the Sarbanes Oxley Act of 2002 (15 U.S.C. [§§] 7201 et seq.), this chapter, including section 78j-1(m) of this title, section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

*Id.* § 78u–6(h)(1)(A)(i)-(iii).

The Act defines a "whistleblower" as "any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws to the [Securities and Exchange] Commission, in a manner established, by rule or regulation, by the Commission." 15 U.S.C. § 78u–6(a)(6). Accordingly, an employee must provide information concerning suspected securities-law violations to the SEC before the employee's termination to qualify as a "whistleblower" entitled to protection under § 78u-6(h). *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018). Pursuant to the Commission's rules, there are three methods for reporting a whistleblower complaint to the SEC: "[t]he information must be provided to the SEC through its website or by mailing or faxing a specified form to the SEC Office of the Whistleblower." *Id*. at 775 (citing § 240.21F–9(a)(1)–(2)).

Geary alleges that he "report[ed] his observations to the Securities Exchange Commission (SEC) in May 2015." SAC ¶¶ 1, 36. Parexel argues that the SAC fails to allege sufficient facts demonstrating exactly when and how Geary provided this information to the SEC pursuant to the methods prescribed by Rule 21F–9.[1] Mot. at 3. Geary's opposition brief states that he reported the violations to the SEC using its "online reporting tool." ECF No. 142-1 at 2. The SAC, however, does not allege which method Geary used to report the suspected violations to the SEC. *Somers*, 138 S. Ct. at 775; *see also Moniodes v. Autonomy Cap. (Jersey) LP*, No. 1:20-CV-5648-GHW, 2021 WL 3605385, at *9 (S.D.N.Y. Aug. 11, 2021) (finding that plaintiff failed to allege he was a

---

[1] Parexel also contends that Geary does not allege who he communicated with at the SEC nor what response the SEC provided to his whistleblower complaint. Mot. at 3. Nothing in Rule 21F–9 or *Iqbal* requires Geary to plead his Dodd-Frank claim with such specificity.

whistleblower under Dodd-Frank because the complaint alleged that plaintiff provided information to the SEC by telephone rather than one of the Rule 21F–9 methods). Since the procedures set forth in Rule 21F–9 are the only permissible methods of providing information to the SEC, it is necessary that Geary includes this detail in his complaint to ensure he qualifies as a whistleblower under Dodd-Frank.

Accordingly, the Court **GRANTS** Parexel's motion to dismiss Geary's SAC.

### B.     Leave to Amend

Geary does not request leave to amend but the Court nonetheless considers it. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "Under the futility analysis, '[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.'" *Wills v. City of Monterey*, No. 21-CV-01998-EMC, 2022 WL 504159, at *2 (N.D. Cal. Feb. 18, 2022) (quoting *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)). Geary asserts that he has submitted an online whistleblower complaint to the SEC. Therefore, it is possible that the deficiencies in the complaint can be cured.

Parexel asks this Court to dismiss the action with prejudice because Geary has already been afforded several opportunities to amend. Mot. at 6. Geary responds that defendants could have raised non-compliance with Dodd-Frank reporting procedures when it previously moved to dismiss in order to avoid additional motion practice. ECF No. 142-1 at 2. However, Parexel notes that Geary's initial complaint alleged that he reported his observations to the SEC in May 2018—three years later than May 2015 as alleged in his SAC—which defendants moved to dismiss on the basis that Geary failed to report the suspected violations before his termination in June 2015 pursuant to 15 U.S.C. § 78–u6(a)(6). Reply at 1, n.1; *compare* Compl., ECF No. 1 ¶¶ 1, 40 *with* SAC ¶¶ 1, 36. As a result, defendants did not raise the instant issue in their prior motion.

Because Geary was previously granted leave to amend on other grounds, and "[g]iven the combination of Rule 15's policy favoring amendments, [and] the leniency allotted to pro se litigants," the Court will afford Geary one final opportunity to amend. *Wills*, 2022 WL 504159, at *2.

### C.   Judicial Notice

Alternatively, if the Court grants leave to amend, Parexel requests that the Court require Geary to produce a copy of his whistleblower complaint that he allegedly reported to the SEC in May 2015. *Id.*  In doing so, Parexel asks the Court to take judicial notice of the SEC's response to counsel's Freedom of Information Act ("FOIA") request for any "reports or complaints submitted by William John Geary III aka Bill Geary against Parexel International Corporation from 2015 to the present." Reply Decl. of Timothy M. Hoppe ISO Defendant's Mot. to Dismiss Pl.'s Second Am. Compl. ("Hoppe Decl."), ECF No. 144-1 ¶ 3; *see also* ECF No. 144-2.

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may properly consider materials outside the pleadings where (1) the matter is subject to judicial notice, meaning the facts are not "subject to reasonable dispute," Fed. R. Evid. 201(b), or (2) where the document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Parexel does not ask the Court to convert the motion into a motion for summary judgment under Fed. R. Civ. P 56.

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  The incorporation by reference doctrine permits a district court to consider "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  "A court 'may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Khoja*, 899 F.3d at 1003 (quoting

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Because the SAC alleges that Geary submitted a whistleblower complaint with the SEC and it is a prerequisite to a Dodd Frank claim, Parexel argues that the SEC filing has been incorporated by reference and asks the Court to consider the SEC's response to Parexel's FOIA request at Exhibit A in evaluating the sufficiency of the allegations. According to the SEC's FOIA response, Geary has not submitted a whistleblower complaint against Parexel. Reply, Ex. A; *see also* Hoppe Decl. ¶¶ 4–6.

Here, the SAC does not refer to this document, nor are the contents of the document alleged in the SAC. While the SAC alleges that Geary filed a whistleblower complaint with the SEC, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement*, 593 F.3d at 1038.

Parexel does not ask the Court to take judicial notice of the SEC's FOIA response for the purposes of dismissing the complaint. However, Parexel uses the contents of the SEC's FOIA response to challenge the truth of Geary's factual allegations and asks the Court to impose a condition of proof—production of the alleged whistleblower complaint—in granting leave to amend to "ensure that Geary can satisfy an essential element of his claim." Reply at 2. This is improper on a 12(b)(6) motion to dismiss. The Ninth Circuit has cautioned against the practice of using judicial notice or the incorporation by reference doctrine "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage" and "to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja*, 899 F.3d at 998.

Even if the Court were to incorporate the SEC's FOIA response, the document does not wholly foreclose the possibility that Geary submitted a whistleblower complaint with the SEC, i.e., if Geary had filed his whistleblower complaint under a different variation or spelling of his name such that it would not appear in the SEC's search, or if a search or recordkeeping error occurred during the SEC's FOIA investigation. This is an issue that will properly be determined at a later stage in the proceedings, particularly where Geary is able to respond.

Parexel's request is therefore DENIED.

**IV.   CONCLUSION**

For the foregoing reasons, Parexel's motion to dismiss is **GRANTED** and Parexel's request for judicial notice of the SEC's FOIA response is **DENIED**. The Court will afford plaintiff limited leave to amend his complaint on or before **Monday, April 3, 2023**. Geary may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Failure to timely amend and/or comply with these orders will result in dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: March 20, 2023

EDWARD J. DAVILA
United States District Judge