UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM JOHN GEARY,<br><br>    Plaintiff,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION,<br><br>    Defendant. | Case No.   5:19-cv-07322-EJD<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 160 |

Pending before this Court is Defendant Parexel International Corp.'s ("Parexel") motion to dismiss *pro se* Plaintiff Geary's sole remaining claim for retaliation under 15 U.S.C. § 78U-6 ("Dodd-Frank").[1] ECF No. 160 ("Mot."). The Court previously dismissed Geary's Dodd-Frank claim because Geary failed to allege which of the prescribed methods under Rule 21-9F that Geary used to report the suspected violations to the Securities Exchange Commission ("SEC"). ECF No. 143. The Court granted leave to amend to cure this deficiency. Geary filed the Third Amended Complaint on April 24, 2023. ECF No. 159 ("TAC").[2]

Parexel moves to dismiss Geary's Dodd-Frank claim on three grounds: (1) Geary's allegation with respect to which method he used to report to the SEC is vague; (2) Geary fails allege facts showing that he reported to the SEC prior to his termination in June 2015; and (3) Defendants contend that the SAC includes amendments that exceed the scope of the Court's order granting leave to amend. *See generally* Mot.

---

[1] The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).
[2] The Court has previously set forth the facts of this case on several occasions (*see* ECF Nos. 133, 154) and, for brevity, the Court will not reiterate them in this Order

Case No.: 5:19-cv-07322-EJD
ORDER DEN. MOTION TO DISMISS

1

1    Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough
2    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which
3    it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A
4    complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state
5    a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule
6    12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts
7    to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,
8    1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept
9    as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give
10   rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court must also
11   construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915
12   F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations,
13   it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
14   plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

15   The TAC alleges that "Geary report[ed] his observations, as a Whistleblower, to the
16   Securities Exchange Commission (SEC) in May 2015, employing the ***SEC electronic submission***
17   ***system*** available at that time." TAC ¶ 2 (emphasis added). Defendants argue that Geary's
18   allegation is vague and provides no explanation of what "SEC electronic submission system"
19   means. Mot. at 1. However, Geary's allegation can be reasonably construed as referring to the
20   "Commission's website located at www.sec.gov, using the Commission's electronic TCR portal
21   (Tip, Complaint, or Referral)," which is one of the three prescribed methods under Rule 21-9F.
22   Accordingly, this allegation is sufficient to plead that Geary "provid[ed] . . . information relating
23   to a violation of the securities laws to the Commission, in a manner established, by rule or
24   regulation, by the [SEC]." 15 U.S.C.A. § 78u–6(h)(1)(A).[3]

---

[3] Defendants further argue that paragraph 7 of the TAC discredits Geary's allegation that he reported to the SEC. It states that:

> What can be known is that the SEC confirms Mr. Geary's Whistleblower status by initiating an email to Mr. Geary with contact

Case No.: 5:19-cv-07322-EJD
ORDER DEN. MOTION TO DISMISS

2

Second, Defendants argue that Geary fails to allege facts showing that he used the SEC's TCR Portal to submit a protected whistleblower complaint prior to his termination in June 2015. This is not accurate; Geary clearly alleges that he reported his whistleblower complaint to the SEC in May 2015. *See* TAC ¶ 2. Accepting this allegation as true, Geary reported his whistleblower complaint to the SEC approximately one month before his termination on June 30, 2015.

Third, Defendants assert that the TAC includes amendments that exceed the scope of the Court's prior order granting leave to amend. Mot. at 5. Defendants contend that the Court granted Geary leave to amend to allege compliance with Rule 21F-9 but that Geary "adds new allegations" such as the new SEC Rules. *Id.* It is true that the Order identified deficiencies with the FAC arising from Geary's failure to allege that he reported using a method prescribed under Rule 21F-9, but the Order only precludes Geary from adding new claims or parties without leave of the Court or stipulation by the parties. *See* ECF No. 143 at 8. The TAC does not add new claims or parties and therefore complies with the Court's Order.

For the foregoing reasons, Parexel's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: October 27, 2023

EDWARD J. DAVILA
United States District Judge

---

information previously provided to SEC by Mr. Geary and stating: "I understand that you may have some information that may be helpful to SEC Staff regarding possible wrongdoing at Parexel."

SAC ¶ 7 (citing Ex. A). Defendants point out that Exhibit A is an email from Craig Phillips at the SEC confirming that the SEC had received Geary's "OSHA complaint" in 2017. Ex. A. The email continues that Phillips "understand[s] that [Geary] may have some information that may be helpful to SEC Staff regarding possible wrongdoing at Paraexel." *Id.* This allegation does not alter or contradict Geary's allegation in paragraph 2 that he reported his whistleblower complaint to the SEC in 2015. TAC ¶ 2.

Case No.: 5:19-cv-07322-EJD
ORDER DEN. MOTION TO DISMISS
3