UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM JOHN GEARY,<br><br>    Plaintiff,<br><br>v.<br><br>PAREXEL INTERNATIONAL CORPORATION,<br><br>    Defendant. | Case No.  5:19-cv-07322-EJD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 191 |

Pro se Plaintiff William John Geary ("Geary") brings one claim against Defendant Parexel International Corporation ("Paraxel") for whistleblower retaliation in violation of the Dodd-Frank Act, 15 U.S.C. § 78U-6. Third Am. Compl. ("TAC"), ECF No. 159. Before the Court is Parexel's motion for summary judgment. Mot., ECF No. 191. This motion is fully briefed. Opp'n, ECF No. 192; Reply, ECF No. 193.

Upon careful review of the relevant documents, the Court finds this motion appropriate for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

I.  **BACKGROUND**

Geary was previously employed by Parexel, a clinical research service company, as a Senior Project Manager beginning on February 24, 2014. TAC ¶ 8. Geary alleges that he reported allegations of wire fraud and investor fraud at Parexel to the U.S. Securities and Exchange Commission ("SEC") during his employment in May 2015 using "the SEC electronic submission system available at that time." *Id.* ¶ 2. Parexel terminated Geary on June 30, 2015. *Id.* ¶ 43. Geary alleges that he was terminated because of his protected whistleblower activity. *See id.*

Case No.: 5:19-cv-07322-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1

After several motions to dismiss, the Court found that Geary sufficiently pled one claim for whistleblower retaliation in violation of the Dodd-Frank Act, 15 U.S.C. § 78U-6. Order Den. Mot. to Dismiss, ECF No. 170. The Court subsequently bifurcated fact discovery into two phases, with the first phase being limited to the issue of whether Geary submitted a Dodd-Frank whistleblower complaint prior to his termination on June 30, 2015, and the second phase, if necessary, concerning the merits off Geary's claim. Case Management Order, ECF No. 177. The first phase closed on May 14, 2024. *Id.* The second phase has been stayed pending the Court's decision on the present motion. Order Granting Stip. to Continue Deadlines, ECF No. 196.

The parties introduced the following evidence relevant to whether Geary electronically filed a complaint with the SEC in May 2015. Most notably, Parexel introduced a statement from SEC representative William Hankins, Assistant Director in the Office of Market Intelligence, Division of Enforcement, indicating that he found no records of any complaint filed by Geary electronically between January 1, 2015, and July 1, 2015. Decl. of William Hankins, ECF No. 191-3, at 18–19. As evidence to rebut this statement from the SEC, Geary produced an email exchange with an SEC accountant from January 2017, where the two discussed a complaint Geary filed with the Occupational Safety and Health Administration ("OSHA") of the U.S. Department of Labor. Opp'n, Ex. A, ECF No. 192, at 7–10. This email does not discuss a complaint filed with the SEC in May 2015. Although there is no evidence regarding which OSHA complaint is referenced in the 2017 email, Parexel produced a copy of a complaint regarding Parexel that Geary filed with OSHA on November 30, 2015, as well as a letter from the U.S. Department of Labor to Geary referencing and rejecting this November 30, 2015 complaint. Req. for J. Notice, Ex. B, ECF No. 191-1, at 9–11; Reply Req. for J. Notice, Ex. C, ECF No. 193-2.[1]

Parexel now moves for summary judgment on Geary's Dodd-Frank Act whistleblower

---

[1] The Court grants Parexel's request to take judicial notice of these documents from the U.S. Department of Labor as records of an administrative agency of the United States pursuant to Federal Rule of Evidence 201. *See, e.g, United States v. Camp*, 723 F.2d 741, 744 (9th Cir. 1984) (explaining that courts may take judicial notice of administrative records). Although the Court does not accept as true the facts contained therein.

Case No.: 5:19-cv-07322-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
2

1  claim, arguing that the evidence shows Geary did not report his whistleblower claim to the SEC
2  during his employment at Parexel.  *See* Mot.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment only when the moving party shows that there is no genuine dispute of material fact.  A genuine dispute exists if there is sufficient evidence that a reasonable fact finder could decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And that dispute is material if it might affect the outcome of the suit.  *Id.*  In determining if a genuine dispute of material fact exists, a court must "tak[e] the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party bears the burden of persuading the Court that there is no genuine dispute of material fact, and it also bears the initial burden of producing evidence that demonstrates there is no dispute.  *Cunningham v. Medtronic, Inc.*, 2018 WL 4053446, at *2 (N.D. Cal. Aug. 24, 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the moving party satisfies this initial burden, the nonmoving party can nonetheless defeat summary judgment by showing "the evidence, taken as a whole, could lead a rational trier of fact to find in its favor."  *Id.*

## III.    DISCUSSION

The Dodd-Frank Act authorizes a private right of action for violations of the Sarbanes-Oxley Act, providing retaliation protection to employees who report violations of the securities laws to the SEC.  *Banko v. Apple Inc.*, 20 F. Supp. 3d 749, 755 (N.D. Cal. 2013); *see* 15 U.S.C. 78u–6(h)(1).  The Act defines a "whistleblower" as "any individual who provides . . . information relating to a violation of the securities laws to the [Securities and Exchange] Commission, in a manner established, by rule or regulation, by the Commission."  15 U.S.C. § 78u–6(a)(6).  Accordingly, an employee must provide information concerning suspected securities-law violations to the SEC before the employee's termination to qualify as a "whistleblower" entitled to protection under § 78u-6(h).  *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018).

Case No.: 5:19-cv-07322-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
3

Pursuant to the Commission's rules, there are three methods for reporting a whistleblower complaint to the SEC: "through its website or by mailing or faxing a specified form to the SEC Office of the Whistleblower." *Id.* at 775 (citing § 240.21F–9(a)(1)–(2)).[2]

The Court finds that the undisputed evidence shows Geary did not submit a whistleblower complaint to the SEC in May 2015, or any other time during his employment at Parexel. On behalf of the SEC, Mr. Hankins submitted a sworn declaration on June 28, 2023, stating that the SEC had no record of any electronic complaint filed by Geary between January 1, 2015, and July 1, 2015. Decl. of William Hankins. Geary's arguments to rebut this evidence fail.

First, the only evidence Geary presents in his opposition is the 2017 email between himself and an SEC accountant. Opp'n 6. However, this email does not create a genuine dispute of material fact. This email does not include any information regarding a complaint Geary filed with the SEC, no less a complaint Geary filed with the SEC in May 2015. Opp'n, Ex. A. To the contrary, the evidence suggests that this email references Geary's OSHA complaint filed in November 2015. *Id.*; Req. for J. Notice, Ex. B; Reply Req. for J. Notice, Ex. C. And while this email references a voicemail, Geary did not provide any evidence regarding the content of those voicemails beside unsupported allegations.

Second, Geary claims that his OSHA complaint references his May 2015 SEC complaint. Opp'n 2. But this is contradicted by the evidence. Parexel has produced Geary's OSHA complaint, which makes no reference to any SEC complaint filed in May 2015. Reply Req. for J. Notice.

Third, Geary questions the legitimacy of Mr. Hankin's statement, arguing that the SEC would not provide information about informants to the subject of an investigation. Opp'n 5–6. However, Geary has not presented any evidence to support his suspicion, i.e., evidence suggesting that this statement was fabricated, fraudulent, or procured by improper means. The only evidence

---

[2] In response to Geary's opposition, the Court finds that *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), does not impact the requirement that employees report security law violations to the SEC in order to qualify for protection under the Dodd-Frank Act.

Case No.: 5:19-cv-07322-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
4

Geary references is another document from April 8, 2022, where the SEC refused to provide Parexel any information confirming or denying whether Geary filed a complaint due to privacy concerns. *Id.* (referencing Req. for J. Notice, Ex. A). However, this was a response to Paraxel's initial request under the Freedom of Information Act ("FOIA"), which Paraxel successfully appealed with the SEC. Decl. of Jefferey A. Nordlander ¶¶ 5–8, ECF No. 191-3. The statement Parexel introduces here was submitted by the SEC over one year later in response to a subpoena. *Id.* ¶ 9. As such, the Court finds that the April 8, 2022, FOIA response does not impact the veracity of the June 28, 2023, subpoena response.

Therefore, the Court finds that Parexel has met its burden to produce undisputed evidence showing that Geary did not file a complaint with the SEC during his employment at Parexel. Geary failed to rebut Parexel's showing with any evidence that would create a genuine dispute of material fact. Accordingly, the Court finds that Geary does not qualify as a "whistleblower" entitled to protection under the Dodd-Frank Act.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Parexel's motion for summary judgment on Geary's only remaining claim. The Clerk of Court shall close this matter. A separate Judgment will follow.

**IT IS SO ORDERED.**

Dated: January 13, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07322-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
5